**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Kyle Thomas Ransom, <br><br> Plaintiff <br><br> v. <br><br> Hartford Insurance Co. of the Midwest, <br><br> Defendant | 2:17-cv-02257-JAD-GWF <br><br> **Order Remanding Case to State Court** <br><br> [ECF No. 11] |

On September 19, 2017, plaintiff Kyle Thomas Ransom moved to remand this insurance-coverage dispute back to state court because the case value does not meet the $75,000 jurisdictional threshold.[1] Hartford Insurance's deadline to oppose the motion to remand was October 3, 2017; it filed no opposition and has not sought to extend the deadline to do so. Local Rule 7-2(d) states that "The failure of a moving party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." And the defendant always has the burden of establishing that removal is proper.[2] I construe Hartford's failure to oppose the motion to remand as its acknowledgment that jurisdiction is lacking, and I GRANT the Motion to Remand.

Accordingly, IT IS HEREBY ORDERED that the Motion to Remand **[ECF No. 11] is GRANTED.** This case is remanded back to the Eighth Judicial District Court for Clark County, Nevada, Case No. A-17-758064-C, Dept. 26. The Clerk of Court is directed to VACATE as moot the 10/30/17 hearing in this case.

DATED: October 10, 2017.

_____
U.S. District Judge Jennifer A. Dorsey

---

[1] ECF No. 11.

[2] *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).